UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWIN J. WILLIAMS,

        Plaintiff,

v.
                      Case No.: 8:09-cv-784-T-33TGW

H. LEE MOFFITT CANCER CENTER AND
RESEARCH INSTITUTE, INC.,

        Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant H. Lee Moffitt Cancer Center and Research Institute's Verified Motion to Tax Costs (Doc. # 34), filed on December 20, 2010. Plaintiff Edwin J. Williams filed an Amended Response in Opposition on February 17, 2011. (Doc. # 39). Williams objects to all of the costs Moffitt claims. (Doc. # 39).

Moffitt, as the prevailing party in this matter, is entitled to recover costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. Rule 54(d) provides that the prevailing party in a lawsuit is entitled to recover costs from the opposing party as a matter of course unless a

-1-

federal statute, the Federal Rules, or a court order provides otherwise.

However, by 28 U.S.C. § 1920, Congress has specified and limited which costs are recoverable.[1] United States Equal Emp't Opportunity Comm'n v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000)(citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987)(rejecting claim that "a federal court is empowered to exceed the limitations explicitly set out in [28 U.S.C. § 1920] . . . .")); Parkes v. Hall, 906 F.2d 658, 659 (11th Cir. 1990)(noting that the Supreme Court in Crawford rejected the argument that Fed. R. Civ. P. 54(d) "represented an additional grant of discretion to federal courts to determine what costs may be shifted"); Exemar v. Urban League of Greater Miami, Inc., No. 08-20463-CIV, 2009 WL 259677, at * 1 (S.D. Fla. Feb. 4,

---

[1] "A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree." 28 U.S.C. § 1920.

2009).

Section 1920 makes no reference to mediation costs. See 28 U.S.C. § 1920. As such, they are not recoverable. Bates v. Islamorada, Vill. of Islands, No. 04-10114-CIV, 2007 WL 2113586, at *17 (S.D. Fla. July 23, 2007)(mediation costs not recoverable under § 1920); Chacon v. El Milagro Care Ctr., Inc., No. 07-22835-CIV, 2010 WL 3023833, at *7 (S.D. Fla. July 29, 2010)("There is no statutory authorization for taxing mediation fees"); Van Voorhis v. Hillsborough Bd. of County Comm'rs, No. 8:06-cv-1171-T-TBM, 2008 WL 2790244, at *4 (M.D. Fla. July 18, 2008)("Despite the fact that mediation is often court ordered, § 1920 does not contemplate the costs of mediation. Of the circuits that have squarely addressed whether mediation costs may be taxable under § 1920, all have held that they are not.")

This Court finds that the costs requested by Moffitt are due to be granted, less the mediation fees.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

H. Lee Moffitt Canter Center and Research Institute's Verified Motion to Tax Costs (Doc. # 34) is **GRANTED** as described herein. Moffitt is entitled to $2,944.29 in

costs.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>1st</u> day of June, 2011.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel and Parties of Record